IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL BROWN,**

       **Plaintiff,**                              Civil Action 2:21-cv-5146
                                                  Chief Judge Algenon L. Marbley
      **v.**                                         Magistrate Judge Kimberly A. Jolson

**WILLIAM COOL, et al.,**

       **Defendants.**

## ORDER AND REPORT AND RECOMMENDATIONS

This matter is before the Court on two filings: Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 7), and Motion "To File Supplemental Complaint Under Fed. R. Civ. P. 15(c)," labeled on the docket as "Supplemental Complaint" (Doc. 8), which the Court construes as a Motion to Supplement the initial Complaint. Because the allegations and defendants that Plaintiff seeks to add through his Motion to Supplement (*id.*) are unrelated to the allegations and defendants set forth in his initial Complaint, they are properly brought in a separate complaint in a separate case. And because those are the allegations and defendants set forth in the Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 7), that motion should be denied without prejudice to Plaintiff filing it in any separate case that Plaintiff might initiate. That being so, the Undersigned recommends that both motions be **DENIED without prejudice**.

**I.**      **Motion to Supplement**

Turning first to Plaintiff's Motion to Supplement (Doc. 8), supplementation of a complaint is governed by Federal Rule of Civil Procedure 15(d), which states in relevant part:

On motion and reasonable notice, the court may, on just terms, permit a party to

> serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense.

Fed. R. Civ. P. 15(d). The decision of whether to grant or deny a request to supplement rests within the discretion of the district court. *Spies v. Voinovich*, 48 Fed. App'x 520, 527 (6th Cir. 2002) (noting that same standard of review and rationale apply to motions to amend under Fed. R. Civ. P. 15(a) and motions to supplement under Fed. R. Civ. P. 15(d)). Courts have generally held that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner my file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). *See also Hetep v. Warren*, 27 Fed. App'x 308, 309 (6th Cir. 2001) (citation omitted) (denying proposed amendment adding new unrelated claims against new defendants); *Allah v. Smith*, No. 2:22-cv-21, 2022 WL 866295, at *2 (S.D. Ohio Mar. 23, 2022) (recommending denial of motion to add a new and unrelated claim against a new defendant).

In the instant case, there is a clear demarcation between the initial Complaint (Doc. 3) and the Motion to Supplement (Doc. 8). The Complaint targets events alleged to have occurred at Ross Correctional Institution ("RCI"), while the Motion to Supplement and related pleadings[1] target events alleged to have subsequently occurred at Southern Ohio Correctional Facility in

---

[1] Every pleading beginning with Plaintiff's March 11, 2022 Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 7), through Plaintiff's March 29, 2022 Letter (Doc. 11), concerns events and defendants from SOCF.

Lucasville ("SOCF") following Plaintiff's transfer there on September 28, 2021. (Docs. 8, 11 at 97–99). Further, there is no overlap between the Defendants named in the initial Complaint (Doc. 3-1 at 1) and the Defendants named in the pleadings targeting events alleged to have occurred at SOCF (Doc. 11 at 96). The only conceivable nexus between the events alleged to have occurred at RCI and the subsequent events alleged to have occurred at SOCF is Plaintiff's intimation that his transfer to, and alleged mistreatment at, SOCF were in retaliation for grievances he was pursuing at RCI. (Docs. 3-1 at 6, 7 at 1, 11 at 97). But this alleged nexus is not a proper basis for combining into one lawsuit unrelated claims against different defendants. *Allah*, 2022 WL 866295 at *2 (discussing Fed. R. Civ. P. 20(a)(2), and citing *Cage v. Michigan*, No. 16-cv-11679, 2018 WL 3729062, at *1 (E.D. Mich. Aug. 6, 2018)).

When it appears that unrelated claims against different defendants are improperly pleaded in a single lawsuit in violation of Fed. R. Civ. P. 20, the proper remedy is to sever those claims and/or defendants, and dismiss them without prejudice to the plaintiff raising them in a separate case, *see* Fed. R. Civ. P. 21. Of course, in the instant case, if the Court accepts the Undersigned's recommendation that Plaintiff's Motion to Supplement be denied, then the Court would not have before it claims or defendants to sever. In any event, the Undersigned will recommend that the Motion to Supplement be dismissed without prejudice to Plaintiff raising his SOCF allegations and defendants in a separate case. It appears Plaintiff may already be trying to file another complaint related to alleged violations at SOCF. (Doc. 12).

In sum, if Plaintiff wishes to challenge alleged civil rights violations that occurred at SOCF, he must file a separate complaint in a separate case, and seek leave to proceed *in forma pauperis* or pay the required filing fee. *See, e.g., Harris v. Erdos*, No. 1:21-cv-104, 2021 WL 1564609, at

3

*4 (S.D. Ohio Apr. 21, 2021) (citing Fed. R. Civ. P. 21). Thus, the Undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion to Supplement (Doc. 8) **without prejudice**. The Court **STRIKES** the Motion to Supplement (Doc. 8). As a courtesy to Plaintiff, the Clerk is **DIRECTED** to return the Motion to Supplement (Doc. 8), or a copy of said Motion, to Plaintiff via mail.

II.     **Motion for Temporary Restraining Order**

Turning to Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction, Plaintiff seeks to enjoin the conduct of "Warden Ron Erdos and all his staff." (Doc. 7 at 1). The motion and accompanying exhibits (Doc. 7), as well as summons and service forms included with a letter that Plaintiff filed on March 29, 2022 (Doc. 11), target the conduct of individuals who are *not* named as Defendants in the Complaint (Doc. 3). For that reason, the Undersigned **RECOMMENDS** that the Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 7) be **DENIED without prejudice** to Plaintiff filing it in a separate case. The Court **STRIKES** the Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 7). As a courtesy to Plaintiff, the Clerk is **DIRECTED** to return the Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 7), or a copy of said Motion, to Plaintiff via mail.

III.    **SERVICE**

Plaintiff has informed the Court that the March 29, 2022 Letter (Doc. 11) was not for this complaint. (Doc. 12). Accordingly, the Court **STRIKES** Plaintiff's Letter (Doc. 11), including the summons forms and service documents that Plaintiff completed for unnamed defendants, (*id.*, at 2–95). As a courtesy to Plaintiff, the Clerk is **DIRECTED** to return the March 29, 2022 Letter (Doc. 11), or a copy of said filing, to Plaintiff via mail.

Plaintiff is still obligated to serve Defendants in *this* case. (*See* Doc. 2). Plaintiff has already provided Marshal forms for the named Defendants (*see* Doc. 1-3). Accordingly, to complete service, Plaintiff is **ORDERED** to submit to the Court a copy of the Complaint (Doc. 3), and a summons form for *each* Defendant named in the initial Complaint (Doc. 3) by **May 17, 2022**. **Failure to do so may result in this case being dismissed for failure to prosecute.**

To assist Plaintiff, the Clerk's Office is **DIRECTED** to send Plaintiff twenty-four blank copies of the summons form. Upon receipt of the new completed forms, the Clerk of Court is **DIRECTED** to issue the summonses and forward the appropriate service documents to the United States Marshal to effect service. The United States Marshal is **DIRECTED** to serve by certified mail a copy of the Complaint (Doc. 3).

Defendants shall have the typical **forty-five (45) days** to file a responsive pleading to the Complaint.

### IV. CONCLUSION

For the reasons explained above, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion to Supplement (Doc. 8) and Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 7) **without prejudice** to Plaintiff raising his SOCF allegations and defendants in a separate complaint, and any motion for injunctive relief against defendants named in that separate complaint, in a separate case. The Court **STRIKES** these Motions (Docs. 7, 8) and the March 29, 2022 Letter (Doc. 11). As a courtesy to Plaintiff, the Clerk is **DIRECTED** to return these Motions and filing (Docs. 7, 8, 11), or a copy of said Motions and filing, to Plaintiff via mail. Plaintiff is **ORDERED** to submit service documents by **May 17, 2022**.

5

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendations, that party may, **within fourteen (14) days** of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which the objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon **proper** objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendations will result in a waiver of the right to have the District Judge review the Report and Recommendations *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendations.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:  April 26, 2022            /s/ Kimberly A. Jolson
                                 KIMBERLY A. JOLSON
                                 UNITED STATES MAGISTRATE JUDGE