IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL BROWN,**

        **Plaintiff,**

   v.

**WILLIAM COOL, et al.,**

        **Defendant(s).**

Civil Action 2:21-cv-5146
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

This matter is before the Court on the April 26, 2022 Order and Report and Recommendation (Doc. 14). For the following reasons, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 3) be **DISMISSED** for failure to prosecute under Rule 41.

**I.    BACKGROUND**

Plaintiff filed this § 1983 prisoner civil rights case on November 2, 2021. (Doc. 3). Plaintiff's complaint arises from events that took place while he was at Ross Correctional Institution, including three alleged assaults. (*Id.* at 5). Plaintiff says he sustained injuries, including seven stitches in his right ear, a busted lip, a black eye, and bruised shoulder. (*Id.*). Plaintiff seeks monetary damages and injunctive relief. (*Id.*).

On November 2, 2022, Plaintiff was ordered to submit proper service forms. (Doc. 2). Again, on March 14, 2022, Plaintiff was ordered to submit proper service forms. (Doc. 9). At that time, the Court also sent Plaintiff copies of the forms. (*Id.*). On March 29, 2022, Plaintiff submitted service forms for unnamed Defendants because Plaintiff was attempting to file a new case. (Docs. 11, 12). The Court instructed Plaintiff to file a new case for these unrelated claims (Doc. 14), and Plaintiff complied. *See Brown v. Mahlman*, 1:22-cv-239 (S.D. Ohio May 2, 2022). But he still had not provided the proper service documents for this case. So, for the third time, the

Court ordered Plaintiff to submit proper service forms and once again sent Plaintiff the necessary forms. (Doc. 14 at 5). Plaintiff was warned that failure to comply with the Order by May 17, 2022, may result in this case being dismissed for failure to prosecute. (*Id.*).

The Court has not received Plaintiff's service forms.

## II. STANDARD

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

2

**III.     DISCUSSION**

On balance, the factors set forth in *Schafer* support dismissal.  First, Plaintiff has not filed documents or motions related to this case since December 2021.  His filings since then have related only to his new case, *Brown v. Mahlman*, 1:22-cv-239 (S.D. Ohio May 2, 2022).  (*See e.g.*, Docs. 7, 8, 11, 12).  Further, Plaintiff has been given three opportunities to file service documents and twice the Court sent the necessary documents to Plaintiff.  (Doc. 2, 9, 14).  Still, he has not filed proper service documents for this case.  Finally, since the Court told Plaintiff he had until May 17, 2022, to send service documents, Plaintiff has filed his new case, *see Mahlman*, 1:22-cv-239, Docs. 1, 4, 5.  His participation in the other case demonstrates he had the ability to comply with the Order (Doc. 14) in this case.  Thus, Plaintiff's failure to provide the Court with proper service documents shows "a reckless disregard for the effect of his conduct on [the Court's] proceedings[,]" and thus Plaintiff has acted with willfulness, bad faith, or fault.  *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Second, a defendant is prejudiced whenever she has "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide."  *Id.* at 737 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).  "[A] plaintiff's failure to serve process in a timely manner may in some cases amount to a failure to prosecute . . . and a district court may dismiss an action on this ground, Fed.R.Civ.P. 41(b)."  *Nealey v. Transportacion Maritima Mexicana, S. A.*, 662 F.2d 1275, 1278 (9th Cir. 1980) (internal citation omitted).  Plaintiff's failure to serve Defendants in this case weighs in favor of dismissal.  S*ee Fisher v. Longtin*, No. 3:19-CV-00769, 2020 WL 1979654, at *1 (M.D. Tenn. Apr. 6, 2020), *report and recommendation adopted*, No. 3:19-CV-00769, 2020 WL 1976179 (M.D. Tenn. Apr. 24, 2020) (dismissing without prejudice under Rule 41(b) for failure to serve defendants).

3

The third and fourth factors also weigh in favor of dismissal. The Court has ordered Plaintiff to file proper service documents three times (Docs. 2, 9, 14), and warned Plaintiff that failure to provide service documents by May 17, 2022, could result in this case being dismissed (Doc. 14 at 5). Furthermore, the Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's continued failure to comply with Court orders. *See Grange Mut. Cas. Co. v, Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In sum, Plaintiff has acted willfully and in bad faith despite warning of sanction. Because lesser sanctions would be futile, dismissal of Plaintiff's action is appropriate here. *See Lee v. Glaxosmithkline*, LLC, No. 2:12–cv–02393, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (dismissing for failure to prosecute because plaintiff had "failed to comply with several orders of the Court including . . . to respond to an Order to Show Cause"). Accordingly, the Undersigned **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to prosecute pursuant to Rule 41.

IV. **CONCLUSION**

The Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 3) be **DISMISSED** for failure to prosecute pursuant to Rule 41.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: May 23, 2022 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE