IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL BROWN,

        Plaintiff,

   v.

WILLIAM COOL, et al.,

        Defendants.

Civil Action 2:21-cv-5146
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

### ORDER

Pro se Plaintiff has filed service documents (Doc. 20), requested counsel (Docs. 22, 23), renewed his request for a temporary restraining order (Doc. 23), and applied for entry of default (Doc. 24). The Court addresses these filings in turn.

**I.  SERVICE**

The Undersigned previously recommended this case be dismissed for failure to prosecute because Plaintiff failed to submit necessary service documents. (Doc. 17). Since that recommendation was made, Plaintiff submitted service documents. (Doc. 20). Accordingly, the Undersigned **WITHDRAWS** the Report and Recommendation (Doc. 17).

Though Plaintiff's Complaint names numerous individuals in a "List of Defendants" (Doc. 3-1 at 1) and mentions some of these names in his statement of facts (Doc. 3-1 at 2–7), it appears Plaintiff truly alleges claims against only the four Defendants he named on his complaint form: William Cool, Travis Raypool, Dane Osbourne, and D. Farmer (Doc. 3 at 2–3). Merely listing a supposed defendant is not enough. *See e.g.*, *Denkins v. Mohr*, No. 2:13-CV-584, 2014 WL 806370, at *2 (S.D. Ohio Feb. 28, 2014), *report and recommendation adopted*, No. 2:13-CV-00584, 2014 WL 4272823 (S.D. Ohio Aug. 29, 2014), *aff'd* (Sept. 10, 2015) (finding the plaintiff failed to state a claim because it did not meet the minimal pleading standard) (collecting cases).

For the four Defendants in this matter, the Court is in possession of summons forms (Doc. 20 at 26–27, 32–33, 40–41, 48–49) and Marshal forms (Doc. 1-3 at 8–10, 13–14, 16, 23, 28, 31, 33, 35). And the Clerk's Office has already issued summonses for them. (Doc. 21 at 25–26, 31–32, 39–40, 47–48). Accordingly, the Clerk's Office is **DIRECTED** to **FORWARD** to the United States Marshal the summons forms and Marshal forms for Defendants Cool, Raypool, Osbourne, and Farmer. They are further **DIRECTED** to make copies of Plaintiff's Complaint (Doc. 3) and **FORWARD** those to the United States Marshal. Once in possession of the service documents, the United States Marshal is **DIRECTED** to serve by certified mail a copy of the Complaint (Doc. 3) on Defendants Cool, Raypool, Osbourne, and Farmer.

## II.     FILINGS FOR OTHER CASE

Plaintiff has multiple cases before the Court, including this case (2:21-cv-5146), which involves events taking place at Ross Correctional Institution ("RCI") and *Brown v. Mahlman* (1:22-cv-239), which involves events at Southern Ohio Correctional Facility ("SOCF"). Plaintiff filed his complaint regarding SOCF (1:22-cv-239) after the Court instructed him that those allegations must be brought in a separate complaint. (*See generally* Doc. 14). Since opening his new case, Plaintiff has continued to file motions and letters in this case that are clearly meant for his other case, including his requests for counsel (Docs. 22, 23 at 2) and Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 23 at 1).

While the Court concludes that Plaintiff's Motion for Appointment of Counsel (Doc. 23 at 2) and his other informal request for counsel (Doc. 22 ("[I]s it still too soon to ask for a lawyer?")) were likely misfiled in this case, the Court addresses the requests because they could apply to this case. Plaintiff's requests for counsel (Docs. 22, 23 at 2) are **DENIED without prejudice** to renewal at a later stage of the proceedings because the action has not yet progressed to the point that the Court is able to evaluate the merits of Plaintiff's claim. *See Henry v. City of*

*Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985) (en banc) ("[I]n considering an application for appointment of counsel, district courts should consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit."). Generally, a motion to appoint counsel is appropriate after a complaint survives motions to dismiss and motions for summary judgment. Since that has not happened here, appointment of counsel is premature.

Further, the Court strikes the Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 23 at 1) because it applies only to the allegations made in Plaintiff's other case (1:22-cv-239). In fact, the Undersigned already struck and recommended denial without prejudice for a similar motion (Doc. 7) for this reason. (Doc. 14 at 4). Yet, once again, Plaintiff has filed a Motion for Preliminary Injunction and Temporary Restraining Order against SOCF defendants. (Doc. 23 at 1). Because Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 23 at 1) has no relevance to this case, it is **STRICKEN**.

Finally, the Court notes that Plaintiff's Letter filed on July 6, 2022 (Doc. 22), in addition to requesting counsel, mentions that he has "discovered the c/o's identity who injured [his] left thumb." (Doc. 22). He requests "the Courts get the roll call list of 1-26-22 2nd shift to confirm this." (*Id.*). Again, the filing is clearly meant for his other case (1:22-cv-239) because that case has a Defendant listed as "The C/O who had my left thumb[.]" So the Court **STRIKES** Plaintiff's request for the Court to get the roll call list. (Doc. 22).

Moving forward, Plaintiff must only file motions or letters in this case that relate to his allegations regarding events taking place at RCI. Plaintiff must include **only** this case number (2:21-cv-5146) on such filings. That is, Plaintiff shall stop including both case numbers on his filings, and Plaintiff must keep his cases straight going forward.

### III. APPLICATION FOR ENTRY OF DEFAULT

The Court notes that Plaintiff applied to the Clerk for entry of default. (Doc. 24). Recognizing the Plaintiff is pro se, the Court informs him that entry of default is properly filed after Defendants have been served and failed to answer. At this point, no Defendant has been served.

### IV. CONCLUSION

The Clerk's Office is **DIRECTED** to **FORWARD** to the United States Marshal the summons forms and Marshal forms for Defendants Cool, Raypool, Osbourne, and Farmer. They are further **DIRECTED** to make copies of Plaintiff's Complaint and **FORWARD** those to the United States Marshal. Once in possession of the service documents, the United States Marshal is **DIRECTED** to serve by certified mail a copy of the Complaint on Defendants Cool, Raypool, Osbourne, and Farmer.

Plaintiff's requests for counsel (Docs. 22, 23 at 2) are **DENIED without prejudice**

Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 23 at 1) and his request for the Court to get the roll call list (Doc. 22) are **STRICKEN** because they are not properly filed in this case.

IT IS SO ORDERED.

Date: September 6, 2022
　　　　　　　　　　　　　　　　　　　　s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE