IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL BROWN,**

    **Plaintiff,**

  v.                              Civil Action 2:21-cv-5146
                                      Chief Judge Algenon L. Marbley
                                      Magistrate Judge Kimberly A. Jolson

**WILLIAM COOL, et al.,**

    **Defendants.**

**REPORT AND RECOMMENDATION**

This matter before the Court is Plaintiff's Motion for Summary Judgment. (Doc. 43). For the following reasons, the Court **RECOMMENDS** that the Motion for Summary Judgment be **DENIED WITHOUT PREJUDICE** to renewal.

**I.    BACKGROUND**

In his Complaint, Plaintiff alleges that Defendants Warden William Cool, Corrections Officer Travis Raypool, Corrections Officer Dane Osbourne, Corrections Officer D. Farmer, and others physical assaulted and mentally and emotional abused him, among other civil rights violations. (Doc. 3). Although discovery is ongoing, Plaintiff filed a Motion for Summary Judgment, which reads: "[n]ow comes Michael Brown, plaintiff in the above captioned case. To humbly and respectfully move this honorable court for summary judgement [sic] according to USCS Federal Rules of civil procedure – rule(s) 54 55 56." (Doc. 40). Defendants filed a Response in Opposition, asserting that the standards for default summary judgment have not been met and that Plaintiff has failed to argue why summary judgment would be proper. (Doc. 44). Plaintiff did not file a reply, and the matter is ripe for review. (Docs. 43 and 44).

**II.    STANDARD**

Though Plaintiff submitted a Motion for Summary Judgment, he also referenced Federal Rules of Civil Procedure 54 and 55, which govern default judgments. As such, the Court will consider standards for both summary judgment and default judgment.

Courts should render summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law." *Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

Default judgment is appropriate when a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55 creates a two-step process for obtaining default judgment. See *Oliver v. Comm'r of Soc. Sec.*, No. 3:17-CV-104, 2017 WL 2531759 at *1 (S.D. Ohio June 12, 2017). Plaintiff must first request an entry of default from the Clerk of Court. *Ross v. Teleperformance USA, Inc.*, No. 3:13CV00038, 2014 WL 99413, at *1 (S.D. Ohio Jan. 9, 2014). Then, after receiving an entry of default, Plaintiff must move the court for default judgment. (*Id.*) When properly pled, default judgment is appropriate when the Plaintiff "establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d); see also *Sherrills v. Berryhill*, No. 1:17-CV-0030, 2017 WL 1399988, at *3 (N.D. Ohio Apr. 4, 2017), *report and recommendation adopted sub nom. Sherrills v. Comm'r of Soc. Sec., No. 1:17 CV 30, 2017 WL 1387173 (N.D. Ohio Apr. 18, 2017).*

### III. DISCUSSION

The Court finds that neither summary judgment nor default judgment are appropriate at

2

this stage. Regarding summary judgment, Plaintiff has not set forth any evidence beyond assertions from pleadings. Even more, Plaintiff's Motion for Summary Judgment does not include any argument as to why he is entitled to a favorable judgment as a matter of law, nor any argument that there is no genuine issue of material fact. (*See* Doc. 44). And the discovery deadline is months away. (*See* Doc. 37). After discovery closes, Plaintiff will be better positioned to support his argument that he is entitled to a favorable judgment as a matter of law with evidence. As such, the Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **denied without prejudice**. Plaintiff is permitted to file dispositive motions, including a motion for summary judgment, by the deadline set forth in the case schedule. (*See* Doc. 37 (setting the dispositive motions deadline for June 15, 2023)).

The Court also **RECOMMENDS** that Plaintiff's Motion be **denied without prejudice**, to the extent he seeks default judgment. Plaintiff has not first filed entry of default with the Clerk of Court. Courts widely recognize this procedural step as essential in granting a motion for default judgment. *See Heard v. Caruso*, 351 Fed. Appx. 1, 15–16 (6th Cir. 2009); *Stitts v. Staples*, 1998 WL 466569 at *2 (6th Cir. 1998); *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). So Plaintiff's Motion is procedurally improper. Substantively, Plaintiff has again made no argument that Defendants failed to properly plead or defend. Indeed, Defendants timely answered the Complaint. (Doc. 35). This is all Defendants need to do at this early stage of the proceedings.

Accordingly, the Court **RECOMMENDS** that the Motion for Summary Judgment be **DENIED WITHOUT PREJUDICE** to renewal.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen

(14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: March 1, 2023                    /s/ Kimberly A. Jolson
                                       KIMBERLY A. JOLSON
                                       UNITED STATES MAGISTRATE JUDGE